IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

CEMENT MASONS PENSION FUND, LOCAL 502; CEMENT MASONS INSTITUTE OF CHICAGO, ILLINOIS; CEMENT MASONS SAVINGS FUND, LOCAL 502; and CEMENT MASONS APPRENTICE EDUCATION AND TRAINING FUND, LOCAL 502,

    Plaintiffs,

v.

LISCHING CONSTRUCTION COMPANY, INC., an Illinois corporation

    Defendant.

08CV0207
JUDGE CONLON
MAG. JUDGE VALDEZ

FILED
JAN - 9 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

## COMPLAINT

Plaintiffs, by their attorneys, DONALD D. SCHWARTZ and ARNOLD AND KADJAN, complain against Defendant, LISCHING CONSTRUCTION COMPANY, INC., as follows:

### COUNT I

1.   (a)   Jurisdiction of this cause is based on Section 301 of the National Labor Relations Act, 29 U.S.C. Section 185(a) as amended.

    (b)   Jurisdiction of this cause is based upon Section 502 of the Employee Retirement Security Act of 1974, 29 U.S.C. Section 1132, 1145 ("ERISA"), as amended.

2.   Venue is founded pursuant to 29 U.S.C. Section 1132(e)(2) in this District where the Funds, as described in Paragraph 3, are administered.

3.   (a)   The Plaintiffs in this count are the CEMENT MASONS PENSION FUND, LOCAL 502; CEMENT MASONS INSTITUTE OF CHICAGO, ILLINOIS; CEMENT MASOSN SAVINGS FUND, LOCAL 502; AND CEMENT MASONS APPRENTICE

1

EDUCATION AND TRAINING FUND, LOCAL 502, ("the Funds"), and have standing to sue pursuant to 29 U.S.C. Section 1132(d)(1).

 (b) The Funds have been established pursuant to collective bargaining agreements previously entered into between the Cement Masons Union and its affiliated locals (the "Union") and certain employer associations whose employees are covered by the collective bargaining agreement with the Union.

 (c) The Funds are maintained and administered in accordance with and pursuant to the provisions of the National Labor Relations Act, as amended, and other applicable state and federal laws and also pursuant to the terms and provisions of the agreements and Declarations of Trust which establish the Funds.

 4. Defendant, LISCHING CONSTRUCTION COMPANY, INC., ("**LISCHING**"), is an Illinois corporation doing business within this Court's jurisdiction. **LISCHING** is an employer engaged in an industry affecting commerce.

 5. Since **October 31, 1982, LISCHING** has agreed to be bound by successive collective bargaining agreements with the Union pursuant to which it is required to make periodic contributions to the Cement Masons Pension Funds on behalf of its employees by virtue of submitting signed monthly fringe benefit report forms to Plaintiffs (Exhibit "A").

 6. **LISCHING** is required to make contributions to the Funds on behalf of its Cement Mason employees and, when given reasonable notice by Plaintiffs or their representatives, to submit all necessary books and records to Plaintiffs' accountant for the purpose of determining whether or not it is in compliance with its obligation to contribute to the Funds.

 7. Plaintiffs are advised and believe that **December 1, 2001 to March 30, 2007,**

2

LISCHING has failed to make some of the contributions from time to time required to be paid by it to the Funds pursuant to the terms of the Trust Agreements by which it is bound, all in violation of its contractual obligations and its obligations under applicable state and federal statutes.

WHEREFORE, Plaintiffs pray for relief as follows:

A.  **LISCHING** be ordered to submit to an audit for the period **December 1, 2001 to March 30, 2007.**

B.  Judgment be entered on any amounts found to be due on the audit.

C.  Plaintiffs be awarded their costs herein, including reasonable attorneys' fees and costs incurred in the prosecution of this action, together with liquidated damages in the amount of 20%, all as provided in the applicable agreements and ERISA Section 502(g)(2).

D.  **LISCHING** be enjoined from violating the terms of the collective bargaining agreements and Trust Agreements by failing to make timely payments to the Funds and be ordered to resume making those payments.

E.  This Court grant Plaintiffs such other and further relief as it may deem appropriate under the circumstances.

        Respectfully submitted,

        TRUSTEES OF THE CEMENT MASONS
        PENSION FUND, LOCAL 502, et al

        By: _____
              One of their Attorneys

Donald D. Schwartz
**ARNOLD AND KADJAN**
19 W. Jackson Blvd.
Chicago, IL 60604
(312) 236-0415

MEETINGS SECOND AND FOURTH TUESDAY OF EACH MONTH

# CEMENT MASONS' UNION
# LOCAL NO. 502

OPERATIVE PLASTERERS' AND CEMENT MASONS' INTERNATIONAL ASSOCIATION
OF THE UNITED STATES AND CANADA

739 25th AVENUE — BELLWOOD, ILLINOIS 60104

TELEPHONE: 544-9100

## CONTRACTOR'S APPLICATION
Regarding the Employment of Members of the Cement Masons' Union, Local No. 502

Date: 10-31- 82

Name of Business: LISCHING CONSTRUCTION CO.

Name of Owner: MICHAEL W LISCHING

Address: 73W340 ARBOR LN GLEN ELLYN — Same

Telephone: 312-469-4158 Business / Same Residence

Experience and length of time in Cement Construction work, either as an employer or employee:
LABORER, CARPENTER, SUPERINTENDENT AND OWNER
SINCE 1965.

Name and address of Bank and bank references:
GARY-WHEATON BANK WHEATON IL CROSS+WHEATON

Social Security Number of your business: FED # 36-3036852

State of Illinois Unemployment Account Number: 9070065-2-1

Copy of Workmen's Compensation Insurance Policy or a Certificate of Insurance Company certifying the existence of same must accompany this application.

Also accompanying this application shall be the following:

(1) A Wage bond issued by an insurance company, or a certificate of the insurance company certifying the existence of the same, guaranteeing the payment of wages to employees in the sum of Seven Thousand ($7,000.00) Dollars.

(2) A bond in the sum of One Thousand Five Hundred ($1,500.00) Dollars issued by an insurance company, or a certificate of the insurance company certifying the existence of the same, guaranteeing payments to the Welfare Fund as required of all contractors under the Agreement and Declaration of Trust dated August 1, 1950, entered into between this Union and various Associations named therein.

(3) A bond in the sum of One Thousand Five Hundred ($1,500.00) Dollars issued by an insurance company, or a certificate of the insurance company certifying the existence of the same, guaranteeing payments to the Pension Fund as required of all contractors under the Agreement and Declaration of Trust dated October 1, 1955, entered into between this Union and various Associations named therein.

Nothing contained in this paragraph shall preclude the Union from accepting one bond covering the three undertakings recited herein, provided each undertaking is deemed to be a separate and distinct obligation under the terms of said bond.

In consideration of the approval of such application, the contractor or employer shall comply with all the rules, requirements, Constitution, and Bylaws of this Local Union.

Further, it is understood and agreed that upon approval of this application by this Local Union the undersigned Employer or Contractor shall be fully bound to all the terms and conditions of the Memorandum of Agreement printed on the reverse side hereof and expressly made a part of this Agreement.

The Executive Board will pass upon all applications within thirty (30) days from the date of presentation. The ruling of the Executive Board shall be final and binding.

_Michael W Lisching_
Contractor

Remarks:

_____

Executive Board
_Thomas Ramirez_
_____
_William T. _____
_____
_____

Approved: ☐

Disapproved: ☐

ILLINOIS STATE CONFERENCE
OPERATIVE PLASTERERS' & CEMENT MASONS' INTERNATIONAL ASSOCIATION

MEMORANDUM OF AGREEMENT

This Agreement is entered into by and between Cement Masons and Plasterers Local Unions No. 152, 66? 143, 5, 301, 502, 153, 103, 587, 803, 90, 638, 905, 206, 359, 161, 330, 830, 26, 544, 376, 542, 297, 554, 27( 12, 137, 362, 349, 59, 539, 858, 158, 562, and 331, affiliated with the Operative Plasterers' and Cemen Masons' International Association, AFL-CIO, together with any other locals which may be formed in th State of Illinois (collectively referred to as the Union) and _LISA___ _____ ___
(referred to as the Employer)

1. The Employer hereby recognizes that Local Union within this geographical jurisdiction the Employer i working as the sole and exclusive bargaining representative of all its Cement Masons, Plasterers and Sho Hand employees with respect to their wages, hours of work, fringe benefits and all other terms an conditions of employment.

2. The Employer affirms the collective bargaining agreements between the Union and the Associations o Employers as applicable to him, with all amendments thereto.

3. The collective bargaining agreements between the Employer Associations including, but not limited tc the following, and any of the local unions where applicable and in the geographical jurisdiction of the local union where bargained, are hereby incorporated herein with the same force and effect as if herein set forth in full, with respect to the wages, hours of work and fringe benefits and all other terms and conditions of employment for all aforesaid Cement Masons, Plasterers and Shop Hand employees who are or have been employed by the Employer:

The Illinois Road Builders Association; The Builders Association; The Concrete Contractors Association; The Plastering Contractors Association; The Contractors Association; The Road and Bridge Builders Association; The Employing Plasterers Association; The Mason Contractors Association; The Fox Valley General Contractors Association; and any or all other Employers' Associations who are party to a collective bargaining agreement with any of the aforesaid local unions. Nothing herein shall limit the jurisdiction of this agreement to less than the State of Illinois.

4. The Employer agrees to pay the amounts which he (it) is bound to pay under the aforementioned Collective Bargaining Agreements to the CEMENT MASONS' & PLASTERERS' WELFARE FUND, the CEMENT MASONS' & PLASTERERS' PENSION FUND, the CEMENT MASONS' & PLASTERERS' APPRENTICESHIP-EDUCATIONAL FUND, and to the CEMENT MASONS' & PLASTERERS' SAVING FUND, and to become bound by and be considered a party to the Trust Agreement upon which the Funds above are based, and acknowledges and agrees to be bound by any and all separate Agreements with the Trustees of the various Funds or any Agreements with the officials of aforesaid local unions, as if he (it) has signed the original copies of the Trust Instruments and any amendments thereto. The Employer ratifies and confirms the appointment of the Employer Trustees who shall, together with their Successor Trustees designated in the manner provided in said Agreements and Declarations of Trust, and jointly with an equal number of Trustees appointed by the Union, carry out the terms and conditions of the Trust Agreements.

The Employer further affirms and re-establishes that all prior contributions paid to the Welfare, Pension, Apprentice and Savings Funds were made by duly authorized agents of the Employer at the proper rates for the appropriate periods of time and that by making said prior contributions the Employer evidenced the intent to be bound by the terms of the Trust Agreement and Collective Bargaining Agreements which were operative at the time the contributions were made, acknowledging the report form to be a sufficient instrument in writing to bind the Employer to the applicable agreements. The Employer further agrees that the Trustees may at any time have an audit made by an independent public accountant or its representatives of the payroll records of the Employer in connection with said contributions and/or reports. Where an audit discloses a difference between hours actually worked by an employee and hours reported to the Funds by the Employer and where such audit discloses any willful violation of any of the requirements of the Trust Agreements, the officers and directors of the Employer, if a corporation, or the owner or partners of the Employer, as applicable, shall be personally liable for any underpayment or other pecuniary loss to the Fund as a result of such conduct.

5. Employees covered by this Memorandum of Agreement shall retain all the work traditionally performed by Cement Masons, Plasterers and Shop Hands. The Employer agrees that he will not cause any such traditionally performed work to be done at a construction site by employees other than those covered by this Memorandum of Agreement, except with the prior written consent of the Union. Any Employer who contracts out or sublets any of the work coming within the jurisdiction of the Union shall assume the obligations of any subcontractor for prompt payment of employees wages and other benefits, including reasonable attorneys fees incurred in enforcing the provisions hereof. Notwithstanding any agreement to the contrary, the Employer's violation of any provision of this paragraph will give the Union the right to strike or to take any other lawful action, including all remedies at law or equity.

6. It is further agreed that the Employer will pay all of its Cement Mason or Plasterer or Shop Hand employees on an hourly basis only. Piece work wages shall not, under any circumstances, be permitted.

7. In the event of any change in the ownership, management or operation of the Employer's business by sale or otherwise, it is agreed that as a condition of such transfer or change it shall be provided in the instrument effecting the change that the new owner and management shall be fully bound by the terms

and conditions of this Agreement. This Agreement is applicable to all successors and transferees of the Employer, whether corporate or otherwise.

8. The parties agree that nothing herein is intended to nor shall it be construed as created recognition of or bargaining with a multi-employer bargaining unit other than those already recognized by the Local Union and limited to the geographic jurisdiction of the Local Unions.

9. This Agreement shall remain in full force and effect through the 31st day of May, 1979, and shall continue thereafter unless there has been sixty (60) days written notice, by registered or certified mail, by either party hereto of the desire to modify and amend this Agreement for negotiations. The Employer and the Union agree to be bound by the area-wide negotiated contracts with the various Associations, incorporating them into this Memorandum of Agreement and extending this Agreement for the life of the newly negotiated contract, if not notified within the specified period of time.

IN WITNESS WHEREOF, and in consideration of the mutual promises of the parties hereto, and other good and valuable consideration, this Agreement was entered into this ___ day of _____, 19__.

BY: _____
      Employer

_____
C.M. Local Union No. 544

_____
C.M. & P. Local Union No. 152

_____
C.M. & P. Local Union No. 667

_____
C.M. & P. Local Union No. 143

_____
P. Local Union No. 5

_____
O.P.C.C. Local 301

_____
C.M. Local Union No. 502

_____
C.M. & P. Local Union No. 153

_____
C.M. & P. Local Union No. 103

_____
C.M. & P. Local Union No. 527

_____
C.M. & P. Local Union No. 94

_____
C.M. Local Union No. 803

_____
C.M. & P. Local Union No. 905

_____
C.M. & P. Local Union No. 638

_____
C.M. & P. Local Union No. 206

_____
C.M. & P. Local Union No. 359

_____
C.M. & P. Local Union No. 161

_____
C.M. & P. Local Union No. 330

_____
C.M. & P. Local Union No. 830

_____
C.M. & P. Local Union No. 376

_____
C.M. & P. Local Union No. 542

_____
C.M. & P. Local Union No. 297

_____
C.M. & P. Local Union No. 554

_____
C.M. & P. Local Union No. 274

_____
C.M. & P. Local Union No. 12

_____
C.M. & P. Local Union No. 137

_____
C.M. & P. Local Union No. 349

_____
C.M. & P. Local Union No. 382

_____
P. Local Union No. 59

_____
C.M. Local Union No. 539

_____
C.M. & P. Local Union No. 858

_____
P. Local Union No. 26

_____
C.M. & P. Local Union No. 158

_____
C.M. & P. Local Union No. 362

_____
C.M. & P. Local Union No. 331

+ C.M. (Cement Masons) P. (Plasterers) O.P. (Ornamental Plasterers) C.C. (Cement Casters)